Filed 7/26/22 P. v. Phan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093093 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F00643) |
| v. | |
| MINHKHA HOANG PHAN, | |
| Defendant and Appellant. | |

Defendant Minhkha Hoang Phan appeals after the trial court declined to strike his firearm enhancement. He contends he received ineffective assistance of counsel because his counsel completely failed to advocate for him at the resentencing hearing. We find counsel's failure to request a lesser firearm enhancement prejudiced defendant. We remand for the trial court to consider imposing a lesser firearm enhancement.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts here are taken from our unpublished opinion in defendant's previous appeal, *People v. Phan* (June 5, 2020, C086120) [nonpub. opn.]. We granted defendant's motion to incorporate by reference the record on appeal in *Phan*.

1

Defendant brought a gun with him to a gathering because he feared being robbed on the way home. After a long night of drinking and drug use, defendant quarreled with the victim and fired three close-range shots at him within seconds. The victim died at the scene. Defendant fled and threw away his gun. At trial, defendant claimed he felt threatened by the victim and the shooting was reflexive. (*People v. Phan*, *supra*, C086120.)

The jury found defendant guilty of first degree murder and found true the firearm enhancement allegation. The trial court sentenced defendant to an aggregate term of 50 years to life, consisting of 25 years to life for the murder conviction and 25 years to life for the firearm enhancement. Defendant appealed the conviction. We affirmed the conviction but remanded for the trial court to consider exercising its new discretion to strike the firearm enhancement under Senate Bill No. 620 (2017-2018 Reg. Sess.). (*People v. Phan*, *supra*, C086120.)

At the resentencing hearing on October 9, 2020, defendant's counsel stated to the trial court: "[Y]ou heard the evidence in the trial. . . . [Y]ou're aware of the standard under [Penal Code section] 1385 and *People v. Williams* and the *Romero* case. So I would just ask you to consider everything under those standards and make a decision." (Italics added.) In response, the People argued "there would be no justice served in getting rid of the 25-to-life sentence."

The trial court started its order by reviewing its discretion to "strike or dismiss the [firearm] enhancement" pursuant to Senate Bill No. 620. It then commented the killing "did not make a lot of sense" because defendant had minimal criminal record and "did not have a reputation for violence." It acknowledged "there was a lot that we do not know" about the shooting and speculated that "alcohol and drugs contributed to whatever type of confrontation occurred" between defendant and the victim. It also stated twice that the 50 years to life is a "very [harsh] sentence," likely leaving defendant in prison for the rest of his life. Nevertheless, it concluded the evidence established that defendant

2

brought a gun with him that night and shot the victim at close range more than once, and no evidence showed defendant was acting in self-defense. Therefore, the trial court decided it could not "find a reason, taking into account the rights of the defendant and the interest in society, to exercise [its] discretion to strike this enhancement." Defendant timely appealed.

## DISCUSSION

Defendant argues on appeal that he received ineffective assistance of counsel because his counsel completely failed to advocate for him at resentencing. We find counsel's failure to request a lower firearm enhancement prejudiced defendant.

The burden of proving ineffective assistance of counsel is on the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To establish constitutionally inadequate representation, the defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. (*Ibid.*) To show deficient performance under *Strickland*, a defendant must demonstrate that counsel's representation " 'fell below an objective standard of reasonableness,' " as measured by prevailing professional standard. (*Wiggins v. Smith* (2003) 539 U.S. 510, 521; *In re Gay* (2020) 8 Cal.5th 1059, 1073.) When applying this standard, we ask whether any competent counsel would have done as counsel did at the time. (*Gay,* at p. 1073.) The prejudice component of the *Strickland* test may be satisfied "when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*In re Avena* (1996) 12 Cal.4th 694, 721.) " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*Ibid.*) But the test "is not solely one of outcome determination." (*Ibid.*) The focus of the test is "whether counsel's deficient performance renders the result of . . . the proceeding fundamentally unfair." (*Lockhart v. Fretwell* (1993) 506 U.S. 364, 372.)

# I

## *No Presumption Of Prejudice*

*United States v. Cronic* (1984) 466 U.S. 648, 659 established an exception to the prejudice prong in *Strickland*, holding that prejudice will be presumed "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." This is a narrow exception that is very infrequently satisfied. (*Florida v. Nixon* (2004) 543 U.S. 175, 190.) For it to apply, "the attorney's failure must be complete." (*Bell v. Cone* (2002) 535 U.S. 685, 697.)

Defendant argues prejudice must be presumed because his counsel completely failed to advocate for him. We disagree. Defendant's counsel informed the trial court of applicable legal standards in exercising its discretion to strike the firearm enhancement. He further requested the court to apply these standards and the facts established at trial in considering striking the enhancement. This is not a complete failure to advocate. (Cf. *Lewis v. Zatecky* (7th Cir. 2020) 993 F.3d 994, 998 [finding complete failure to advocate where counsel stated at sentencing only " 'I'm going to defer to [the defendant] if he has any comments. I don't have anything to add' "].)

# II

## *Defendant Received Ineffective Assistance Of Counsel*

Having decided the *Cronic* exception does not apply, we review counsel's performance under *Strickland*.

At the resentencing hearing, defendant's counsel requested the trial court to consider only laws related to striking a firearm enhancement. He failed to raise *People v. Morrison* (2019) 34 Cal.App.5th 217, 220, which held a trial court has the discretion to impose a lesser firearm enhancement. *Morrison* was decided more than a year before defendant's resentencing hearing and was later affirmed by the California Supreme Court in *People v. Tirado* (2022) 12 Cal.5th 688. While some Courts of Appeal disagreed with *Morrison* at the time (see *id.* at p. 697 [noting the split of authority]), defendant's counsel

4

had no satisfactory rationale for not requesting a lesser firearm enhancement under *Morrison* at resentencing. (See *People v. Barrett* (2012) 54 Cal.4th 1081, 1105 [counsel is presumed to know applicable law].) Counsel's performance was therefore deficient.

The record does not give us confidence in the outcome of the resentencing hearing. Neither party informed the trial court of its discretion to impose a lower firearm enhancement, and the court reviewed only the standards for striking a firearm enhancement. The trial court decided it could not "find a reason . . . to exercise [its] discretion to strike this enhancement." Nevertheless, it stated twice the 50-year-to-life sentence was "harsh," noted defendant's minimal criminal record and lack of a reputation for violence, and acknowledged many details about the shooting remained unknown. Based on these comments, we conclude there is a reasonable probability that the trial court would impose a lesser firearm sentence had counsel brought *Morrison* to the court's attention. Therefore, counsel's deficient performance prejudiced defendant.

## DISPOSITION

The matter is remanded for a new resentencing hearing as to defendant's firearm enhancement. The clerk of this court shall forward a copy of this opinion to the State Bar of California and notify the defense counsel in the trial court proceedings, as required by statute. (See Bus. & Prof. Code, § 6086.7, subds. (a)(2) & (b).)


                                        /s/
                                   Robie, Acting P. J.

We concur:


     /s/
Mauro, J.


     /s/
Earl, J.